<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BREE PEARLY,** *Plaintiff,* v. **COMMISSIONER OF SOCIAL SECURITY,** *Defendant.* | Civil Action No. 20-1738 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Bree Pearly's ("Plaintiff") request for review of Administrative Law Judge Ricardy Damille's (the "ALJ" or "Judge Damille") decision regarding Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). <u>See</u> ECF No. 1. For the reasons set forth in this Opinion, the Commissioner of Social Security's (the "Commissioner") decision is **VACATED** and **REMANDED** for further proceedings.

**I.  STANDARD OF REVIEW AND APPLICABLE LAW**

  **A.  Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Commissioner's application of legal precepts is subject to plenary review, but factual findings must be affirmed if they are supported by substantial evidence. <u>Markle v. Barnhart</u>, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>McCrea v. Comm'r of Soc.</u>

1

Sec., 370 F.3d 357, 360 (3d Cir. 2004) (explaining that substantial evidence is "more than a mere scintilla" but less than a preponderance). The Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the [Plaintiff] and corroborated by family and neighbors; and (4) the [Plaintiff's] educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

**B.     The Five-Step Disability Test**

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). To determine whether a claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is work activity involving physical or mental activities that are "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed

2

impairment or combination of impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See 20 C.F.R. §§ 404.1520(c), 416.920(c).

At the third step, the Commissioner must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, a disability is conclusively established, and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the analysis proceeds.

Prior to the fourth step, the Commissioner must determine the claimant's "residual functional capacity" ("RFC") to perform work activities despite the limitations from the claimant's impairments. 20 C.F.R. §§ 416.920(e), 416.945. In considering a claimant's RFC, the Commissioner must consider "all the relevant medical and other evidence" in the claimant's record. 20 C.F.R. § 416.920(e). Then, at step four, the Commissioner must decide if the claimant has the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(f). If so, then the claim for benefits must be denied. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.960(b)(3).

Finally, at the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that [the claimant] can do given [her] residual functional capacity and vocational factors." 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(a)(4)(v). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed applications for DIB and SSI at age 36 on May 9, 2016, asserting she became disabled on May 20, 2015. Administrative Transcript ("Tr.") 164-77, ECF No. 5. Plaintiff alleges disability due to pelvic organ prolapse, collapse of the rectum and bladder, polycystic ovarian syndrome ("PCOS"), problems sitting and standing, bruised tailbone, and bladder control problems. Tr. 56-57. Plaintiff also suffers from obesity and anxiety. Tr. 15. Following a hearing, Judge Damille issued a decision denying Plaintiff's application on December 3, 2018. Tr. 9-24. Plaintiff sought review from the Appeals Council, and on January 10, 2020, the Appeals Council determined there were no grounds for review. Tr. 1-6. Plaintiff filed the instant appeal on February 18, 2020. ECF No. 1.

### B. The ALJ's Decision

Judge Damille determined that Plaintiff was not disabled at step five of the five-step disability analysis. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: "pelvic organ prolapse, collapsed rectum and bladder, obesity, and anxiety." Tr. 15. At step three, the ALJ found that none of Plaintiff's impairments, individually or collectively, met or medically equaled the criteria of a listed impairment. Tr. 15.

Before moving on to step four, the ALJ found Plaintiff's RFC to be as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally stoop, crouch, kneel, and crawl. She must be afforded the option to be off task for 10% of the workday above normal breaks to change positioning or to take bathroom breaks.

> She is able to understand, remember, and carry out simple instructions.

Tr. 16.

In reaching this RFC determination, the ALJ considered Plaintiff's subjective testimony of her pain and symptoms but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record."[1] Tr. 17.

At step four, the ALJ found that Plaintiff is unable to perform relevant past work. Tr. 18. At step five, based on the testimony of a Vocational Expert ("VE"), the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as charge account clerk, addresser, and document preparer. Tr. 19. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 20.

**III.	ANALYSIS**

Plaintiff first argues that no substantial evidence supports the ALJ's RFC determination and that consequently, the ALJ improperly based the determination on lay speculation instead of medical evidence. Among other things, Plaintiff challenges the evidentiary support for the ALJ's conclusion that Plaintiff must be "off task 10% of the workday above normal breaks to change positioning or to take bathroom breaks." The Court agrees that the ALJ failed to sufficiently explain the basis for this decision.

An RFC should account for the most activity that a plaintiff can perform despite her limitations. 20 C.F.R. § 416.945(a). The ALJ is ultimately "responsible for making an [RFC] determination based on the medical evidence," Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir.

---

[1] The parties have summarized the medical evidence in their respective briefs. See Pl. Br. at 5-7, ECF No. 8.1; Def. Br. at 1-3, ECF No. 9. The Court will address the medical evidence only where necessary to the adjudication of Plaintiff's claim in Section III, infra.

2003), but he may not inject his "lay speculation" on the meaning of medical evidence, see, e.g., Jiminez v. Comm'r of Soc. Sec., No. 19-12662, 2020 WL 5105232, at *5 (D.N.J. Aug. 28, 2020)). The ALJ must further "include a narrative discussion describing how the evidence supports each conclusion." Harris v. Comm'r of Soc. Sec., 2010 WL 2874352, at *6 (D.N.J. July 19, 2010) (citing Social Security Ruling 96-8P). Importantly, "the ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). At bottom, the ALJ's explanation must be sufficiently detailed to permit "meaningful judicial review" of his conclusion. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). That said, Plaintiff has the burden to demonstrate how any alleged error "could have affected the outcome of [her] disability claim." See Holloman v. Comm'r Soc. Sec., 639 F. App'x 810, 814 (3d Cir. 2016) (internal quotation marks and citation omitted).

Notably, the ALJ here assigned "little weight" to the only medical opinion in the record. While non-examining state consultant Dr. Nancy Simpkins opined that "the Claimant's symptoms are non-severe," the ALJ rejected this conclusion as "not consistent with the record as a whole." Tr. 18. The Court must therefore examine whether the remaining evidence in the record—Plaintiff's subjective testimony and objective medical records—adequately supports the RFC determination.

The Third Circuit has instructed that an "ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011). Yet, it is an open question to

what extent an RFC can be supported without <u>any</u> medical opinion evidence.[2] <u>See, e.g.</u>, <u>Arbitman v. Berryhill</u>, 2019 WL 1429334, at *5-6 (E.D. Pa. Mar. 29, 2019) (summarizing "divergent views among the district courts in the Third Circuit as to whether an RFC determination must be supported by medical opinion evidence."). And while a supporting medical opinion may not be required in every case, the absence of such opinion heightens the need for an ALJ to adequately explain his reasoning in determining a claimant's RFC. <u>See id.</u> at *7 (rejecting RFC "based solely on [ALJ's] lay interpretation of the medical evidence").

Here, the Court is unable to identify the evidence on which the ALJ based his RFC findings, and in particular, his conclusion that Plaintiff must be afforded 10% "off-task" time per day above normal breaks to change positions and use the bathroom. Tr. 16. Having found that the only opinion in the record did not adequately reflect Plaintiff's abilities, the remaining evidence the ALJ discussed consists of (1) Plaintiff's own testimony; and (2) examinations conducted by Dr. Charles Hadad, Dr. Constandinos Shizas, and clinical hypnotist Jacquiline E. Balloutine. The ALJ first noted Plaintiff's testimony that (a) she is "able to sit down for approximately 20 minutes before feeling discomfort and needing to shift;" (b) "she can sit for approximately 40 minutes before having to stand up;" and (c) she "goes to the bathroom every 20 minutes to 'be safe' because she does not know when she has to go." Tr. 17. He then concluded that such testimony was not "consistent with the medical evidence and other evidence in the record." <u>Id.</u> But nothing in the ALJ's discussion of medical examination records reflects the frequency that Plaintiff must change positions or use the bathroom.[3] Nowhere does the ALJ explain how he arrived at the specific

---

[2] In <u>Chandler</u>, the ALJ assigned "significant weight" to the opinion of a state medical consultant who provided a detailed description of the claimant's exertional capacity. <u>Chandler</u>, 667 F.3d at 360. The Court held that the ALJ acted properly in accepting that opinion over contradictory medical evidence. <u>Id.</u> at 362-63.

[3] The Court acknowledges, of course, that an ALJ need not accept a claimant's subjective description of her symptoms when unsupported or contradicted by the record. Still, an RFC determination must be supported by substantial

7

limitations in the RFC from the available medical evidence. Therefore, the ALJ appears to have impermissibly based this conclusion on layman speculation on the evidence.

Moreover, the ALJ's conclusion that Plaintiff need only be "off-task" for 10% each workday "could have affected the outcome" on the issue of disability. Holloman, 639 F. App'x at 814. The VE testified that if Plaintiff must be off task any more than 10% of the workday, there would be no work in the national economy that she could perform. Tr. 51. The ALJ's failure to explain his reasoning and point to the evidence on which he based the RFC therefore "precludes meaningful judicial review on a material fact." See Peterson v. Comm'r of Soc. Sec., No. 19-19689, 2021 WL 1712391, at *4 (D.N.J. Apr. 30, 2021).

The Court will therefore vacate the Commissioner's determination and remand for further proceedings. On remand, the ALJ should provide a more detailed explanation as to the basis for his RFC determination to permit the Court to "ascertain whether the ALJ's lay opinion of the medical evidence played a significant role." Jiminez v. Comm'r of Soc. Sec., No. 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020). If, on remand, the ALJ concludes that the available evidence is insufficient to determine Plaintiff's RFC, it is incumbent on the ALJ to supplement the record as necessary. See Suskie, 2016 WL 5787361, at *6 ("[T]his lack of evidence illustrates the need to supplement the record. Given the lack of opinion evidence, we find that the ALJ should have required plaintiff to undergo consultative neurological and mental health evaluations as to her RFC.").[4]

---

evidence and cannot be justified simply by pointing to a "lack of evidence" suggesting disability. See, e.g., Suskie v. Colvin, No. 15-573, 2016 WL 5787361, at *6 (M.D. Pa. Oct. 4, 2016).

[4] The Court does not reach Plaintiff's remaining arguments.

**IV.     CONCLUSION**

For the foregoing reasons, the determination of the Commissioner is **VACATED**, and this matter is **REMANDED** for further proceedings. An appropriate Order follows.

    */s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
Date: July 29, 2021          UNITED STATES DISTRICT JUDGE